UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACQUELINE R. YOUNG,

       Petitioner,

   v.                                         18-CV-604
                                               DECISION AND ORDER
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

The *pro se* petitioner, Jacqueline R. Young, applied for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act on June 25, 2016. Docket Item 10-2 at 4. Her claims were denied on September 23, 2016. *Id.* In its notice initially denying Young's claims, the Social Security Administration ("SSA") explained that Young had the right to request a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 6.

Young contends that she mailed a request for a hearing before an ALJ to SSA in 2016 but that the United States Postal Service ("Postal Service") returned the hearing request. Docket Item 1 at 6. On May 25, 2018, Young brought this action under the Social Security Act seeking review of the Commissioner of Social Security's decision that she was not disabled. Docket Item 1. Young contends that the Postal Service's decision to return her mail to her "makes the final decision <u>not</u> to hold a hearing date or time, but the decision maker as sole determinator. [sic]" *Id.* (emphasis in original). On September 14, 2018, the Commissioner moved to dismiss for lack of jurisdiction, Docket Item 10; on September 25, 2019, Young responded, Docket Item 12; and on September

27, 2018, the Commissioner replied, Docket Item 13. On January 11, 2019, Young moved to compel the Commissioner for immediate relief, Docket Item 14; and on January 29, 2019, the Commissioner responded to that, Docket Item 15.

The Social Security Act provides that "[a]ny individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which [s]he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added). "While Section 405(g) embodies an explicit exhaustion requirement, that requirement has been held to contain what has been called a non-waivable and a waivable element." *Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983). "[A]s to the non-waivable element, Section 405(g) does not confer jurisdiction where a claimant has presented no claim whatsoever to the [Commissioner]." *Id*. "On the other hand, the [Commissioner] may waive, or be said by a court to have waived, the requirement that a claimant must fully exhaust [her] administrative remedies before obtaining judicial review." *Id*.

"To exhaust [her] administrative remedies," a social security claimant must proceed "through all three stages of the administrative appeals process." *Bowen v. City of New York*, 476 U.S. 467, 482 (1986). "Only a claimant who proceeds through all three stages receives a final decision from the [Commissioner]." *Id*. Here, Young received only an initial determination—the first stage in the administrative appeals process. She did not pursue her claim in a hearing before an ALJ and she did not appeal that ruling before the Appeals Council.

This Court interprets Young's complaint to argue that because the Postal Service returned her request for a hearing, this Court should infer that the Commissioner somehow waived the exhaustion requirement in her case. *See* Docket Item 1 at 6; *Smith*, 709 F.2d at 780. "A waiver of the exhaustion requirement may be inferred where [a] plaintiff['s] legal claims are collateral to [her] demand for benefits, where exhaustion would be a *pro forma* or futile gesture, or where the harm suffered in the interim would be irreparable in the sense that no *post hoc* relief would be adequate." *Smith*, 709 F.2d at 780. But Young's basis for inferring waiver—that the Postal Service returned her request for a hearing—is a non sequitur. *See id.* So Young has not received a final decision; this Court lacks subject matter jurisdiction to review Young's claim; and the complaint must be dismissed.

Under SSA regulations, the agency itself may determine whether a claimant had good cause for missing a deadline to request review of an initial determination of disability and may excuse a late request for a hearing. 20 C.F.R. § 404.911. Young's complaint and the Commissioner's submissions suggest that Young never notified SSA of the fact that the Postal Service returned her request for a hearing and never even tried to make another request for a hearing before an ALJ. Because of Young's *pro se* status, this Court advises her to request a formal adjudicatory hearing before an ALJ. If the SSA denies Young's request, she can seek judicial review of that determination, which may well change the jurisdictional analysis.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion to dismiss, Docket Item 10 is GRANTED; Young's motion to compel defendant for immediate relief, Docket Item 14, is DENIED; the case is dismissed; and the Clerk of the Court shall close the file.

SO ORDERED.

Dated:	February 1, 2019
	Buffalo, New York


	*s/ Lawrence J. Vilardo*
	LAWRENCE J. VILARDO
	UNITED STATES DISTRICT JUDGE